UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GREGORY R. THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | No. CV 09-5904-PLA<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

**I.**

**PROCEEDINGS**

On August 14, 2009, after being granted leave to proceed in forma pauperis, plaintiff filed a complaint seeking review of the decision of the Commissioner of the Social Security Administration ("SSA") denying plaintiff's application for Supplemental Security Income payments. The parties filed consents to proceed before the undersigned Magistrate Judge on September 18, 2009, and October 1, 2009. On February 23, 2010, the Court received a "Motion to Withdraw as Attorney of Record" from plaintiff's attorney, Marc V. Kalagian, in which he sought to be relieved as attorney of record in this matter, based on his belief that "further prosecution of this claim may be in violation of F.R.Civ.P. Rule 11." On February 24, 2010, the Court ordered that plaintiff file

his response/opposition to this Motion, if any, no later than March 17, 2010.  The Court advised plaintiff that failure to file a response would result in the Court granting the Motion to Withdraw. Plaintiff's attorney was ordered to serve plaintiff with a copy of the Order setting the date for plaintiff's response, with a proof of service to be filed with the Court.  The proof of service was filed, indicating that the Court's Order was served on plaintiff on March 2, 2010.

On March 23, 2010, after plaintiff failed to file a response to the "Motion to Withdraw as Attorney of Record," the Court granted the Motion and substituted plaintiff in pro per for attorney Marc V. Kalagian, of the Law Offices of Rohlfing and Kalagian. Also on March 23, 2010, the Court issued an Amended Case Management Order setting a schedule for the parties to follow during the course of this litigation.  Among other things, the Court ordered plaintiff to complete and transmit, no later than April 7, 2010, a "Disability Litigation Voluntary Remand/Payment Request" to the SSA Regional Counsel's office, with a copy served on the Assistant United States Attorney ("AUSA").  The Court also ordered that if voluntary remand of the case or the payment of benefits was agreed to by the parties in this case, the AUSA and plaintiff were to notify the Court no later than May 24, 2010, through the lodging of a proposed Judgment with the Court.  If no agreement was reached, plaintiff was ordered to inform the Court of that determination no later than May 20, 2010, in a pleading entitled "Notice of Compliance with Settlement Conference Order."

When, as of May 28, 2010, neither a proposed Judgment nor a Notice of Compliance with Settlement Conference Order had been filed, the Court ordered plaintiff to show cause, no later than June 4, 2010, why this case should not be dismissed for failure to prosecute.  The Court advised plaintiff that filing one of the two required documents, and compliance with the additional requirements set forth in the March 23, 2010, Order, would be deemed compliance with the Order to Show Cause.

**Plaintiff has failed to file with the Court a Notice of Compliance or a proposed Judgment, or any document explaining the failure to file those items, in violation of the Court's Orders of March 23, 2010, and May 28, 2010.  Plaintiff has also failed to respond to the Court's Order to Show Cause why the action should not be dismissed for failure to prosecute, and the time to do so has elapsed.**

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Despite multiple admonitions, plaintiff has failed to file the documents required by the Court or offer any explanation for his failure to do so, has not responded to the Court's Order to Show Cause why this action should not be dismissed for failure to prosecute, and has not evidenced his intention to proceed with this action. Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, a plaintiff's responsibility to move a case toward a disposition at a

reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to file the Court-ordered documents within the time granted, or his failure to respond to orders of the Court.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by reminding plaintiff in the Court's May 28, 2010, Order to Show Cause of the need to follow the Court's March 23, 2010, Order that required the filing of certain documents. Plaintiff has not filed the required documents or responded to the Order to Show Cause, and has had no other contact with the Court.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in the Court's May 28, 2010, Order to Show Cause. He filed no response thereto.

Accordingly, **IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to prosecute and follow court orders.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 11, 2010

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4